OPINION
The State of Ohio, Department of Commerce, Division of State Fire Marshal and the State Fire Marshal James J. McNamaee, referred to collectively hereafter as the Fire Marshal, appeal a judgment of the Court of Common Pleas of Morrow County, Ohio, which issued a writ of mandamus to compel the Fire Marshal to tender a wholesale and manufacturing fireworks license to Green River Display Company, Inc., and Frank Darst, hereinafter referred to as Green River. The Fire Marshal assigns six errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NUMBER 1:
 THE LOWER COURT ERRED WHEN IT ISSUED A WRIT OF MANDAMUS ORDERING THE FIRE MARSHAL TO TRANSFER THE FIREWORKS LICENSE.
ASSIGNMENT OF ERROR NUMBER 2:
 THE LOWER COURT ERRED WHEN IT FOUND THAT A FIREWORKS MANUFACTURER'S LICENSE CAN BE ASSIGNED.
ASSIGNMENT OF ERROR NUMBER 3:
 THE LOWER COURT ERRED WHEN IT DETERMINED THAT EQUITABLE ESTOPPEL LIES AGAINST THE STATE FIRE MARSHAL.
ASSIGNMENT OF ERROR NUMBER 4:
 THE LOWER COURT ERRED WHEN IT ORDERED THE LICENSE TRANSFERRED WHEN THE LICENSE CEASED TO EXIST AS A MATTER OF LAW ON DECEMBER 1, 1997.
ASSIGNMENT OF ERROR NUMBER 5:
 THE LOWER COURT ERRED WHEN IT FOUND THAT THE PLAINTIFFS WERE ENTITLED TO A DECLARATORY JUDGMENT AS TO THE RIGHTS UNDER THE LICENSE.
ASSIGNMENT OF ERROR NUMBER 6:
 THE LOWER COURT ERRED WHEN IT DETERMINED THAT THE GREEN RIVER HAD STANDING.
The trial court made findings of fact and conclusions of law on May 25, 1999. The parties stipulated to some facts in the bench trial, and others were contested. The parties agree Frank V. Darst is the President of Green River Display Company. Defendant Columbus Fireworks Display Company, Inc., held a wholesale and manufacturing license for fireworks. Defendant Columbus Fireworks Building Company, Inc., held title to the property where the fireworks were manufactured. Defendant Joseph Cacavello, was the President of both Columbus Fireworks Display and Columbus Fireworks Building Company. None of these three parties are parties to this appeal. In 1997, Cacavello and Columbus Fireworks Display Company entered into plea negotiations with the United States Attorney's Office because of pending federal charges against them for unlawfully manufacturing and dealing in explosive materials. Early in 1997, an agent of the Alcohol Tobacco and Firearms Bureau contacted the State Fire Marshal's office regarding the Ohio license for manufacturing and wholesaling fireworks. Cacavello and the United States Attorney's Office were in the process of negotiating a plea agreement whereby Cacavello would surrender his ATF license, and also his Ohio fireworks license. On or about September 24, 1997, Green River contracted with Columbus Fireworks Building Company for the sale of 50 acres of property and the manufacturing plant. Green River also contracted with Columbus Fireworks Display Company to purchase all its assets. Columbus Fireworks Display Company executed a document to assign and transfer all its rights to the Ohio license to Green River on September 24, 1997. At approximately the same time, Green River filed an application to transfer the manufacturer's license, which required the approval of the Ohio Department of Commerce and the State Fire Marshal. Green River paid an application fee for the official transfer on or about September 26, 1997. Also on or about September 26, 1997, Cacavello and Columbus Fireworks Display Company entered into a plea agreement with the United States Attorney's Office, and the plea agreement contained a provision for the surrender of the license by Columbus Fireworks Display Company. The United States Attorney's Office did not forward a copy of the signed plea agreement to the State Fire Marshal until December 2, 1997. However, on October 24, 1997, Cacavello filed a document with the State Fire Marshal asserting he had no connection with Green River, and would not participate in the fireworks business in the future. At the same time, Green River took steps necessary to finish the transfer of the license. On or about December 5, 1997, Cacavello and his companies conducted the closing on their agreements with Green River, whereupon Green River paid $200,000, and placed another $80,000 in escrow with Morrow County Title pending the approval of the State Fire Marshal on the license transfer. On or about January 6, 1998, the State Fire Marshal informed Green River it would not approve the transfer of the manufacturing license to Green River. The trial court found Cacavello and Columbus Fireworks Display Company did not surrender the license under the plea bargain until after they had transferred all their rights in it to Green River. The trial court also found neither Cacavello, nor the State Fire Marshal's Office told Green River about any problem with the fireworks license, its assignability, or its surrender. The State Fire Marshal admitted Green River should have been informed about the status of the license. The trial court found Green River had fully satisfied the requirements of the applicable statutes and fireworks code for receiving approval of the State Fire Marshal no later than January 29, 1998. The court found the assignment from Columbus Fireworks Display Company to Green River conveyed all of Columbus Fireworks Display Company's rights under the license as of September 24, 1997, even though the State Fire Marshal had not formally approved the transfer. The court found the State Fire Marshal had a legal duty to approve the transfer because Green River had satisfied all the appropriate conditions for the transfer. Finally, the court found because of the State's moratorium on new fireworks licenses, Green River's situation is unique, and Green River will suffer irreparable harm unless the court issues the writ of mandamus. The court found Green River had no adequate remedy at law. The trial court concluded as a matter of law that the plea agreement between the federal authorities and Cacavello was not effective until a federal judge approved it, which occurred at the earliest in October, 1997, or at the latest in March of 1998, but in any event, later than the assignment dated September 24, 1997.
 IV
R.C. 3743.17(A) provides: The license of a wholesaler of fireworks is effective for one year beginning on the first day of December. The Fire Marshal shall issue or renew a license only on that date and at no other time. If a wholesaler of fireworks wishes to continue engaging in the wholesale of fireworks at the particular location after its then effective license expires, it shall apply not later than the first day of October for a new license pursuant to Section 3743.15 of the Revised Code. The Fire Marshal shall send a written notice of the expiration of its license to a licensed wholesaler at least three months before expiration date. The trial court found as a matter of law the relevant fireworks license did not automatically terminate by operation of law on December 1, 1997, because of the valid transfer request to Green River in September of 1997, and there is no evidence the State Fire Marshal sent a written notice of the expiration of the license three months before the expiration date as required by R.C. 3743.17. We do not agree. As a matter of law, a given license expires on the first day of December. A person wishing to continue to engage in the wholesale of fireworks after December 1, must apply no later than the first day of October for a new license. It is undisputed neither Cacavello and Columbus Fireworks Display Company nor Green River applied to renew the license. If, as Green River maintains, it acquired the license on or about September 24, when Columbus Fireworks Display Company signed all of its rights to the license to Green River, then Green River had an obligation to apply no later than the first day of October for a new license. On the other hand, if the transfer of the license was not completed by October 1, then Cacavello and Columbus Fireworks Display Company had an obligation to file for a renewal of their license in order to preserve the asset they were attempting to sell. R.C. 3743.04 (D) provides that a license may be transferred to another person for the same fireworks plant for which the license was issued if the assets of the plant are transferred to that person by inheritance or by the sale approved by the Fire Marshal. Except as provided in the Code, the license is not transferable or assignable. We find pursuant R.C. 3743.04
(D), the assignment or transfer of a license is not accomplished until the sale is approved by the State Fire Marshal. Because the State Fire Marshal had not approved the transfer before October 1, 1997, we find it was the responsibility of Cacavello and Columbus Fireworks Display Company to preserve the assets they were in the process of transferring by renewing the license. Regarding the trial court's finding, the license did not expire because the State Fire Marshal's office failed to send a written notice of expiration of the license at least three months before the expiration date, we find this failure was not fatal. Green River was not a licensed manufacturer of fireworks and did not hold a license on October 1, so the Code did not require the State Fire Marshal to send Green River a notice. Because the State Fire Marshal's office was well aware Cacavello and Columbus Fireworks Display Company intended to surrender the license and not continue its manufacturing, the Fire Marshal was not required to send them a notice. We conclude the trial court erred when it ordered the State Fire Marshal to approve and transfer the license, because the license expired as a matter of law prior to the court's order. The fourth assignment of error is sustained.
The remaining assignments of error are overruled as moot.
For the foregoing reasons, the judgment of the Court of Common Pleas of Morrow County, Ohio, is reversed, and final judgment denying the petition for writ of mandamus is hereby entered.
By Gwin, J., Wise, P.J., and Edwards, J., concur.